## J. H. WENDELL v. JAMES B. WHITAKER, *et al.*

TAX DEED, *Not Void on Face; Possession and Title May be Quieted.*    Where a tax deed describes the property conveyed as follows: "The south half and the northwest fractional quarter of the southwest quarter of section 1, of township 11, range 15, containing 112 acres, situated in the county of Shawnee, and state of Kansas," *held,* that the description of the property contained in the tax deed does not render the tax deed void upon its face; that although it may be true that the northwest quarter of the southwest quarter of section 1, of township 11, range 15, is not a fractional, and although it may be true that the whole of the premises described in the tax deed may contain 120 acres, yet the courts cannot take judicial notice of such facts, and such facts can be known only from evidence outside of the tax deed; and *further held,* that where such a tax deed has been recorded for over ten years, and where the holder of such tax deed has been in the quiet and peaceable possession of the property conveyed by such deed for a long time, such holder of the tax deed may quiet his possession and title to the property as against any adverse claimant who does not have a better title than his, or who has no title at all.

*Error from Shawnee District Court.*

ACTION by *Wendell* against *Whitaker* and others, to quiet title. Trial by the court, at the April Term, 1881, and find-

ings and judgment for defendant. *Wendell* brings the case here. The opinion states the facts.

*D. P. & H. C. Safford,* for plaintiff in error.

*J. B. Whitaker,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by J. H. Wendell against James B. Whitaker, Jane C. Whitaker and Andrew Arrington, to quiet the title to certain premises situated in Shawnee county. The defendants filed their answer, setting up—first, a general denial; and second, that they are entitled to the immediate possession of the premises, and to $1,200 damages for the unlawful detention of the property—to which second defense the plaintiff filed a general denial. A trial was had in the court below, before the court without a jury. Upon the trial it appeared that the plaintiff was in the quiet and peaceable possession of the property, and had been for a long time prior to the commencement of the action, and that he claimed title under a certain tax deed, which was executed on May 11, 1871, and recorded June 6, 1871. This tax deed described the property as follows: "The south half and the northwest fractional quarter of the southwest quarter of section 1, of township 11, range 15, containing 112 acres, situated in the county of Shawnee, and state of Kansas."

The defendant Jane C. Whitaker claimed title under a quitclaim deed executed to her by Lemuel Warford, who once owned the property. At the close of the trial, the court below made the following findings, and rendered the following judgment, to wit:

"1st. That the plaintiff is in quiet and peaceable possession of the premises described in said plaintiff's petition, and that said plaintiff was in the quiet and peaceable possession at the commencement of this suit, and for a long time prior thereto.

"2d. That the tax deed under which the plaintiff claims title is void upon its face.

" 3d. That the legal title to said premises is vested in said defendant Jane C. Whitaker.

"It is therefore considered, ordered and decreed that the legal title to said premises is vested in said defendant Jane C. Whitaker, and that this court refuse to grant the prayer in said petition contained, viz., to quiet the title to the premises therein described, in favor of the said plaintiff and against said defendants; but said petition must be dismissed at the cost of said plaintiff herein, taxed at $—."

The plaintiff excepted to these findings and judgment, and moved for a new trial, which motion was overruled; and he now brings the case to this court, and asks that the judgment of the court below be reversed.

The first question arising in the case is, whether the tax deed under which the plaintiff claims is void upon its face. The only ground upon which it is claimed that it is void upon its face is, that it describes the northwest quarter of the southwest quarter of section 1, township 11, range 15, as being a fractional quarter, and states that the whole of the premises described in the tax deed contains only 112 acres, when in truth and in fact, as is claimed, the said northwest quarter of the southwest quarter is not a fractional quarter, and the whole of the premises described in the tax deed contains 120 acres.

We do not think that the deed is void upon its face. No one could tell from the face of the deed that the said quarter-section is not fractional, and no one could tell from the face of the deed that the whole of the premises described in the tax deed contains more than 112 acres. From anything appearing in the deed, and from anything of which courts can take judicial notice, the entire description of the property as contained in the tax deed may be entirely correct; and such description may state the exact truth. No one can tell, except from evidence *aliunde*, that the property described in the tax deed is not fractional; nor can anyone tell, except from evidence *aliunde*, that the property contains any more or any less than 112 acres of land. Therefore, as we think, the tax deed is not void upon its face; and therefore, as it

has been recorded for over ten years, and as the plaintiff has been in quiet and peaceable possession of the property under it "for a long time," we think he is entitled to quiet his title and possession as against any adverse claimant who does not have a better title than his, or who has no title at all. From the record in this case, it does not appear that Jane C. Whitaker has any title at all. She is is not in possession of the property, and never has been, and her quitclaim deed from Warford was executed by him a long time after all title had passed from him. As this case, however, is to be remanded to the district court for a new trial, we shall not decide the question of the defendant's title, but simply decide that the plaintiff's tax deed is not void upon its face; and that it is sufficiently valid upon its face to start the statute of limitations to run in its favor.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.